**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SAIM SARWAR,**

                            **Plaintiff,**

    **vs.**                                                   **1:20-CV-1111**
                                                                        **(TJM/ATB)**

**EAST PINE APARTMENTS, LLC,**

                            **Defendant.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

## ORDER

On November 12, 2020, Plaintiff Saim Sarwar filed an Amended Complaint in this action that named remaining Defendant East Pine Apartments, LLC ("East Pine"). See dkt. # 11. The Complaint, brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181, et seq., and the New York Human Rights Law ("NYSHRL"), NYS Exec. Law § 296(2)(a), alleges that Plaintiff is an individual with a disability as defined by the ADA. Id. at ¶ 1. Plaintiff's disability limits his ability to walk and use his hands, and he frequently uses a wheelchair to get around outside the home. Id. He requires accessible handicap parking spaces close to the entrance of any facility he visits. Id. He also needs space and a smooth ramp to get from his parking space to the building. Id. Once inside the building, the Plaintiff requires that fixtures and amenities like faucets, doorknobs, and sinks be at an appropriate height and in an arrangement that he can use. Id.

1

Plaintiff alleges that he "is advocate of the rights of similarly situated disabled persons" and that he serves as a "tester" of public facilities on behalf of himself and other similarly situated persons.  Id. at ¶ 2.  His aim is to "[assert] his civil rights and [monitor], [ensure] and [determine] whether places of public accommodation and their websites are in compliance with the ADA."  Id.  He relates that he "has a system of rechecking the online reservations systems of each and every hotel he has sued," and "maintains a list of every hotel he has sued, and records the dates he visits their reservations systems."  Id. at ¶ 6.  Plaintiff relates that he plans to visit the Village of Cambridge, where the hotel East Pines operates is located, and he "needs Defendant's hotel reservations system to be compliant so that he can compare hotels and ascertain whether or not their features and rooms are accessible to him."  Id. at ¶ 7.  He cannot make "a meaningful choice" about accommodations in Cambridge without such information.  Id.

Defendant allegedly owns the Motel Cambridge in Cambridge, New York.  Id. at ¶ 3.  That property is a place of lodging.  Id.  Plaintiff alleges that Defendant, as the owner of a lodging, must comply with the ADA and ensure accessibility for people with disabilities.  Id. at ¶ 9.  ADA regulations require that lodgings provide information for disabled people that permits them to determine whether rooms will meet their needs, and to provide such rooms and hold them when reserved.  Id. at ¶ 10.  Plaintiff alleges that Defendant, either on its own or through a third party, "accepts reservations for its hotel online through one or more websites."  Id. at ¶ 12.  The websites permit members of the public to "reserve guest accommodations and review information" about "the goods, services, features, facilities, benefits, advantages, and accommodations" available at the hotel.  Id.  Those websites are subject to federal regulation concerning the ADA.  Id.  Before filing the lawsuit, Plaintiff

2

visited the websites in question and found that they did not contain information on accommodations available for persons with disabilities sufficient to permit Plaintiff to know whether the hotel would suit him. Id. at ¶ 13.

Plaintiff's Complaint seeks declaratory judgment and injunctive relief under the ADA and damages under the NYSHRL. Plaintiff also seeks attorneys fees, costs, and expenses.

The Court issued summons for East Pine when Plaintiff filed the Amended Complaint. See dkt. # 13. Plaintiff served the Complaint on Defendant on November 25, 2020. See dkt. # 14. When Defendant failed to answer the Complaint, Plaintiff requested that the Clerk of Court enter default. See dkt. # 16. The Clerk of Court entered default on December 10, 2020. See dkt. # 17.

Plaintiff then filed the instant motion for default judgment. See dkt. # 20. Plaintiff seeks an order from the Court mandating that Defendant work to bring the websites into compliance with the ADA, as well as statutory damages, costs, and attorneys fees. Id.

"[D]efault judgment is an extreme remedy that should only be granted as a last resort." Bravado Int'l Group Merich. Servs. v. Ninna, Inc., 655 F.Supp.2d 177, 186 (E.D.N.Y. 2009). Whether to grant a motion for default judgment is "left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). Courts favor resolving cases on the merits, and "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Id. at 96. Though the Court is to "[accept] as true all well pleaded allegations against a defaulting defendant

for purposes of determining liability," the Plaintiff is still required to present evidence to establish the amount of damages. Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). Thus, "the quantum of damages must be established by proof unless the amount is liquidated or susceptible to mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). Though "'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" Bravado Int'l Group Merch. Servcs. v. Ninna, Inc., 655 F.Supp.2d 177, 190 (E.D.N.Y. 2009) (quoting Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988)). Instead, "the court may rely on detailed affidavits or documentary evidence . . . to evaluate the proposed sum." Fustok, 122 F.R.D. at 156.

Plaintiff's default judgment motion provides the Court with a recitation of the facts of the case and proof of the entry of default. Plaintiff also explains in some detail the injunctive relief sought. The Court will grant this relief, as detailed below. The Court will also grant Plaintiff $1,000 in statutory damages. Plaintiff also provides billing records that establish the attorneys fees and costs sought. This case is unusual in its inception and aim; most cases that end in default judgment in this court involve mortgage foreclosures. Still, Defendant did not answer the Complaint, and the Clerk has entered default. Under those circumstances, granting the relief sought is appropriate in that respect.

Plaintiff seeks attorneys fees pursuant to 42 U.S.C. § 12205, which permits a "prevailing party" in a case brought pursuant to the ADA to recover a "reasonable attorney's fee." 42 U.S.C. § 12205. "A prevailing party is a party who 'obtained an enforceable judgment, consent decree, or settlement giving some of the legal relief sought.'" Hofler v. Family of Woodstock, Inc., 2012 U.S. Dist. LEXIS 20756, at *4

(N.D.N.Y. Feb. 16, 2012) (quoting Buckhannon Bd. & Care Home., Inc v. W. Virginia Dept. of Health & Human Res., 532 U.S. 598, 602 (2001)).  A party who prevails must demonstrate that the "requested fee is reasonable." Id.  In determining whether a fee request is reasonable, the court is to "'determin[e] the reasonable hourly rate for each attorney and the reasonable number of hours expended, and multipl[y] the two figures together to obtain a presumptively reasonable fee award.'" Id. at *5 (quoting Porzig v. Dresdner, Leinwort, Benson, N.Am.LLc, 497 F.3d 133,141 (2d Cir. 2007) (alteration in original)).  A court deciding whether the fee is reasonable can 'look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.'" Id.  The court begins with that calculation of the presumptively reasonable award, but can adjust the award based on a variety of factors:

> The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at *6 (quoting Hainsley v. Eckerhart, 461 U.S. 424, 430 n.1 (1983)).

The Court agrees that Plaintiff is a prevailing party, and the question therefore is whether the requested attorneys fees are reasonable.  In establishing the presumptively reasonable award, the Court must begin by calculating the appropriate hourly rate.  Plaintiff's counsel seeks $425/hour for his hourly rate.  Plaintiff's briefing indicates that two lawyers performed the tasks in question, Peter Sverd and Thomas Bacon.  See Plaintiff's Brief at 11.  Plaintiff has not provided a resume for either attorney, but the briefing

5

indicates that Thomas Bacon has more than twenty-three years of experience as a trial attorney and has been admitted to the state bars of Florida, Pennsylvania, and Georgia, as well as numerous federal district courts and federal courts of appeal. Id.  Peter Sverd "has been a criminal prosecutor, civil litigation/federal practice attorney since 2003 and is a member in good standing" of the New York bar.  Id.  He is admitted to practice in state and federal courts in New York.  Id.  Attorney Peter Sverd avers that he "represent [sic] disabled plaintiffs in actions against places of accommodation seeking the removal of ADA violations.  It is estimated that there are very few firms nationwide that litigate Title III ADA claims.  Thus, Peter Sverd, Esq., has developed forms and procedures aimed at reducing the number of hours incurred at the inception of the case." Id. at 9.

Plaintiff provides time sheets that indicate attorney work at a rate of $425/hour. See dkt. # 20-8.  Those time sheets do not indicate which attorney performed that work, however.  The Court finds such documentation sloppy, and could use that failing as a basis for denying the Plaintiff's motion for attorneys fees with leave to renew with better documentation.  Here, however, the Court accepts the Plaintiff's representation about his respective attorneys' experience and finds that experience roughly equivalent for the purpose of this motion, especially since the action never proceeded beyond service of the Amended Complaint.

The Court finds that the rates for Sverd and Bacon should be the rates equivalent to those of partners with considerable experience, given their decades of experience and the leading role they apparently played in this litigation. Courts in this District have found that a reasonable rate for work for an experienced partner is between $250 and $350 an hour.  Baudin v. Res. Mktg. Corp., LLC, 2020 U.S. Dist. LEXIS 193416, at *6-7 (N.D.N.Y.

Oct. 19, 2020) (citing Doe v. Cornell Univ., No. 3:17cv402, 2019 U.S. Dist. LEXIS 62986, 2019 WL 1567535, *7 (N.D.N.Y. Apri. 11, 2019); Cruz v. Sal-mark Restaurant Corp., no. 17-CV-0815, 2019 U.S. Dist. LEXIS 13529, 2019 WL 355334, *7 (N.D.N.Y. Jan. 28, 2019); Premium Sports, Inc. v. Nichols, No. 3:17cv741, 2018 U.S. Dist. LEXIS 124206, 2018 WL 3574870, *9 (N.D.N.y. July 25, 2018); Parish v. Kosinski, No. 17-CV-0344, 2018 U.S. Dist. LEXIS 20134, 2018 WL 1475222, *5 (N.D.N.Y. Feb. 5, 2018)).  The rates that Plaintiff seeks exceed those customary in this district.

Plaintiff agrees that "[a] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable, comparable skills, experience and reputation."  Plaintiff's Brief in Support of Default Judgment, dkt. # 20-10, at 5 (citing Marisol A. v. Guiliani, 111 F.Supp.2d 381 (S.D.N.Y. 2000).  Plaintiff points to a Sixth Circuit case to argue that "at least one court has held it appropriate to consider rates awarded in other federal jurisdictions" in considering appropriate fees in a case like this one.  Id. (citing Sigley v. Kuhn, 205 F.3d 1341 (6th Cir. 2000).  He points to cases from the Southern District of New York, as well as cases from the Ninth Circuit to argue that fees between $375 and $450 an hour are appropriate.

The Second Circuit Court of Appeals has addressed this issue:

> when faced with a request for an award of higher out-of-district rates, a district court must first apply a presumption in favor of application of the forum rule.  In order to overcome that presumption, a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result.  In determining whether a litigant has established such a likelihood, the district court must consider experience-based, objective factors.  Among the objective factors that may be pertinent is counsel's special expertise in litigating the particular type of case, if the case is of such a nature as to benefit from special expertise.  A litigant cannot overcome the presumption by relying on the prestige or "brand name" of her selected counsel.  Lawyers can achieve prestige and fame in numerous ways that

7

> do not necessarily translate into better results. The party seeking the award must make a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result. Unless these limitations are observed, the award of attorney's fees would not respect what we described in *Arbor Hill* as the "touchstone" of the doctrine, "that district courts should award fees *just high enough* to attract competent counsel" 493 F.3d at 121. Among ways an applicant may make such a showing is by establishing that local counsel possessing requisite skill were unwilling or unable to take the case, or by establishing, in a case requiring special expertise, that no in-district counsel possessed such expertise.

Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 175-76 (2d Cir. 2009) (quoting Arbor Hill Concerned Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 121 (2d Cir. 2007)).

Applying these factors here, the Court finds that the requested out-of-district fee is not reasonable here and will instead apply the appropriate local fee of $350/hr for attorneys of the experience of Plaintiff's counsel in establishing the presumptively reasonable rate. The Court notes that counsel has not offered any detailed explanation for why an out-of-district fee is necessary, and has not directly addressed these factors. Plaintiff has instead addressed the twelve factors outlined above. That briefing points to the court that the sort of case here is a unique one, and that few attorneys have created a practice of bringing cases to test ADA compliance. The Court considers the unique nature of the case in awarding a rate at the high end for experienced partners in this district, finds that a rate higher than the customary rate in the district is not necessary because a reasonable client would not have selected out-of-district counsel because doing so would likely have produced a substantially better net result. First, the Court considers that damages here are statutory, and that another attorney who obtained default judgment would have returned the exact same monetary award for the client. The injunctive relief

8

obtained took more skill, but does not represent a highly technical degree of knowledge that few attorneys in this District would possess. The judgment here obtained also came after a default, which every attorney in this district would likely be able to handle. In the end, the Court finds that a higher fee would not be necessary to attract competent counsel.

Having found the presumptively reasonable award, the Court must now determine whether to adjust the award based on the factors related above. Having considered those facts, the Court will adjust only for the lowered hourly rate. The Court notes that the case itself may have been fairy complicated to initiate, but the case ended up being decidedly simple to litigate. The matter ended in default judgment, which any competent lawyer can achieve. The hours spent on the work done were not excessive, and the Court considers the fee, adjusted to reflect the local hourly rate, to be reasonable. Plaintiff had sought $1,360 in fees for 3.2 hours of work. The Court will reduce that to $1,120 for 3.2 hours of work.

Accordingly:

The Plaintiff's motion for default judgment, dkt. # 20, is hereby **GRANTED** with respect to the injunctive relief Plaintiff seeks, and the Defendant is hereby **ENJOINED** from discriminating against individuals with disabilities. The Defendant is **ORDERED** to remediate its participation on websites, as follows:

1. With respect to the websites located at https://www.motelcambridge.com and https://reser6.resnexus.com/ the websites shall:

    a. identify ADA accessible rooms, allow for booking of ADA accessible

    rooms, and shall provide sufficient information as to what accessible features are accessible within the ADA accessible rooms; and

  b. indicate whether free self-parking and designated smoking areas are or are not ADA accessible;

2. With respect to the website located at www.expedia.com, the websites shall:

  a. identify ADA accessible rooms, allow for booking of ADA accessible rooms, and provide sufficient information as to what accessible feature are accessible within the ADA accessible rooms; and

  b. indicate whether free self-parking and designated smoking areas are or are not ADA accessible; and

3. Defendant shall take these actions within 45 days of the date of this Order.

4. Monetary judgment is entered against the Defendant in the following amounts:

  a. $1,000.00 in statutory damages

  b. $ 400.00 in filing fees

  c. $ 650.00 fees for expert report

  d. $ 650.00 fees for expert inspection after judgment

  e $ 90.00 service-of-process fees

  f. $ 3.50 postage

  g. $1,120.00 attorneys fees

  _____

total: $3,913.50

**IT IS SO ORDERED**

Dated: March 17, 2022

Thomas J. McAvoy
Senior, U.S. District Judge